﻿Citation Nr: AXXXXXXXX
Decision Date: 07/26/19 Archive Date: 07/25/19

DOCKET NO. 190108-2221
DATE: July 26, 2019

ORDER

Service connection for a cervical spine disability is denied.

Service connection for bilateral upper extremity radiculopathy/neuropathy is denied.

Service connection for a lumbar spine disability is denied.

FINDINGS OF FACT

1. An October 2018 rating decision issued under the criteria of the Appeals Modernization Act reopened the Veteran’s claims of entitlement to service connection for a cervical spine disorder, a lumbar spine disorder, and radiculopathy of the bilateral upper extremities. 

2. The evidence of record is insufficient to show that the Veteran’s cervical spine, lumbar spine, or radicular/neuropathy disorders were incurred during the Veteran’s active duty service.

CONCLUSION OF LAW

The criteria for service connection for cervical spine, lumbar spine, and radicular/neuropathy disorders have not been met. 38 U.S.C. §§ 1110, 5107; 38 C.F.R. § 3.303.

REASONS AND BASES FOR FINDINGS AND CONCLUSION

The Veteran served on active duty in the United States Army from January 1967 to January 1969, including combat service in the Republic of Vietnam. 

On August 23, 2017, the President signed into law the Veterans Appeals Improvement and Modernization Act, Pub. L. No. 115-55 (to be codified as amended in scattered sections of 38 U.S.C.), 131 Stat. 1105 (2017), also known as the Appeals Modernization Act (AMA). This law creates a new framework for Veterans dissatisfied with VA's decision on their claim to seek review. In July 2018, the Veteran elected to participate in the early version of the modernized review system and a rating decision was issued in October 2018. 84 Fed. Reg. 138, 177 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 19.2(d)).

This October 2018 AMA rating decision considered the evidence of record as of the date VA received the RAMP election form. The Veteran timely appealed this rating decision to the Board and requested direct review of the evidence considered by the Agency of Original Jurisdiction (AOJ).

In the October 2018 AMA decision, the AOJ found that new and relevant evidence was submitted to warrant readjudicating the claims for service connection for cervical spine, lumbar spine and radicular disorders. The Board is bound by this favorable finding. 84 Fed. Reg. 138, 167 (Jan. 18, 2019) (to be codified at 38 C.F.R. § 3.104(c))

1. Service connection for cervical spine disability is denied.

2. Service connection for lumbar spine disability is denied.

3. Service connection for radiculopathy/neuropathy, bilateral upper extremities is denied. 

The Veteran contends that the claimed conditions began in service. He relates them to participation in combat, specifically “regarding my back and neck issues with associated neuropathy, this also stemmed from the day I got blown into the back of the APC. It was during the TET offensive in 1968”). See October 2016 VA form 21-4138 (“I was blown into the cargo area…I was totally numb after this…I have dealt with neck and elbow pain ever since. I don’t believe I had any treatment for this while in Vietnam…In the decades since I left the Army, my neck/back problems have never resolved. I have been talking to my various VA doctors for the last 16 years…I started seeing a chiropractor in the 1970’s…I started treatment in the 1970’s when I was in my 20’s and in the 1980’s when I was in my 30’s.”)

Service connection may be established for disability resulting from personal injury suffered or disease contracted in the line of duty in the active military, naval, or air service. 38 U.S.C. §§ 1110, 1131. Establishing direct service connection generally requires (1) medical evidence of a current disability; (2) medical, or in certain circumstances, lay evidence of in-service occurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303 (a).

For veterans who have served 90 days or more of active service during a war period or after December 31, 1946, certain chronic disabilities, including arthritis are presumed to have been incurred in service if manifest to a compensable degree within one year of discharge from service. 38 U.S.C. §§ 1101, 1112, 1113, 1137; 38 C.F.R. §§ 3.307, 3.309.

Under 38 U.S.C. § 1154 (b), for those Veterans who engaged in combat, VA shall accept as sufficient proof of service connection of any disease or injury alleged to have been incurred in service satisfactory lay evidence of service incurrence of such injury or disease if consistent with the time, place and circumstances of such service. However, 38 U.S.C. § 1154 (b) does not establish entitlement to compensation benefits; it aids a combat Veteran by relaxing the adjudicative evidentiary requirements for determining what happened in service.

As an initial matter, although some records suggest there was a preexisting back condition at the time of service entrance, as noted by the May 2017 VA examiner referring to the Veteran’s October 1966 Report of Medical History, the Veteran was noted to have no spinal conditions on his entrance examination. Compare October 1966 Report of Medical History (“recurrent back pain – heavy lifting”) with October 1966 Report of Medical Examination (Negative indication under “spine, other musculoskeletal”). Accordingly, this decision concerns a theory of direct service connection.

The evidence shows the Veteran has current disabilities of lumbar and cervical degenerative arthritis, bilateral carpal tunnel and left ulnar neuropathy as well as IVDS and spinal stenosis. See May 2017 VA Examination reports. The Board further finds the Veteran’s statements identifying injury from an explosion is consistent with the circumstances, conditions, or hardships of his combat service, therefore his lay statements are accepted as sufficient proof of in-service incident. See 38 U.S.C. § 1154 (b). 

Thus, the issue that remains disputed is whether the Veteran's current disabilities had their onset in service or with respect to arthritis, manifested to a compensable degree within one year of service. In this case, the Board finds that service connection is not warranted on any available theory of entitlement. This is because the medical evidence of record shows the onset of any impairment more than one-year post service, the only medical opinion of record is against a finding of a causal link between the Veteran’s service and his current conditions, and that the lay statements in support are not probative as they are contradicted by prior treatment reports.

Following a review of the record, interview with the Veteran and physical evaluation including contemporaneous diagnostic testing, the May 2017 VA examiner identified the above-noted spinal and neurological disabilities to be unrelated to the Veteran’s active duty. The examiner noted the Veteran’s lay statements about the onset of the musculoskeletal discomfort during the TET offensive and continued pain since service, but found that medical evidence of record did not support the claims, identifying the “very limited detail as to the etiology” during the Veteran’s treatment of these conditions. 

Significantly, the Veteran has not presented or identified any contrary medical opinion that supports the claims for service connection, and he is not shown to be competent to provide the requisite etiology of the current disabilities as he does not possess medical expertise. Moreover, the Veteran’s current statements regarding the onset of his spinal issues are inconsistent with statements he made contemporaneous with his military service and when undergoing medical treatment unassociated with his disability claim. In addition to the above identified statements contradicting the actual onset of treatment for his conditions, the Veteran denied any spinal issues upon discharge in his October 1968 Report of Medical History. Prior to his October 2016 VA filing, while medical treatment records reflect ongoing care for spinal issues since the early 1990’s there is no reference to any military etiology until recently. See i.e. February 1994 Progress Sheets (“[Veteran] returns with two week history of severe neck pain and stiffness. He remembers no specific traumatic event.”); April 1998 Progress Sheet (“He had a flare-up of back pain that begun two to three months ago…may have wrenched his back while playing basketball”). A contemporaneous statement as to a declarant's then-existing physical condition, such as his separation examination, (as opposed to his current statements of memory or belief to prove the fact remembered or believed) is recognized as possessing circumstantial guarantees of trustworthiness. Fed. R. Evid. 803 (3). Therefore, the Veteran's assertion that his current disabilities are related to his service is not probative. 

(Continued on the next page)

 

For these reasons, the Board concludes that the claims of entitlement to service connection for cervical and lumbar spinal disorders, and radiculopathy/neuropathy of the bilateral upper extremities, are denied.

 

MICHAEL E. KILCOYNE

Veterans Law Judge

Board of Veterans’ Appeals

ATTORNEY FOR THE BOARD Marcus J. Colicelli

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential, and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.